

UNITED STATES COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

WON YONG HA and MONICA YOUNG HA

Plaintiff

vs.

US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP AND FORECLOSURE TRUSTEE, MICHELLE R. GHIDOTTI, ESQ.

Defendant.

CASE NO# 19-CV-492 PAJ

COMPLAINT FOR QUIET TITLE, AND RESTRAINT OF TRUSTEE SALE AND BREACH OF DEED OF TRUST ACT, RCW 61.24...

PLAINTIFFS, WON YONG HA AND MONICA YOUNG HA, HUSBAND AND WIFE ALLEDGE AS FOLLOWS:

## I. PARTIES, JURISDICTION, AND VENUE

**1.1** Plaintiffs Won Yong Ha and Monica Young Ha is residents of King County in Washington State. Herein referred to as "Ha".

**1.2** Defendant U.S. Bank National Association, not individually but solely as trustee for Blue Water Investment Trust is a newly unlawfully assigned Beneficiary who is located at at 950 17th St. Denver, CO 80202. with a disconnected Phone number of # 303-585-4596. Here in referred to as " **US Bank NA**"

COMPLAINT FOR QUIET TITLE 1

WON YONG HA AND MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004

**1.3** Selene Finance LP is a loan service company located at 9990-Richmond Ave Suite #4005 Houston TX, 77042. Here in referred to as " **Selene**"

**1.4** Michelle R. Ghidotti, Esq is the foreclosure trustee purported to have power of sale. Their address is 13751-Lake City Way NE #350 Seattle, WA 98125. Here in referred to as **"Trustee Michelle"**

**1.5** Western District Court of Washington at Seattle is the proper venue and jurisdiction because Plaintiffs are Washington State Residents, and Defendants are national corporations engaged in interstate commerce throughout multiple states, *see* Title 28 U.S.C 1332 (a).

## II. QUIET TITLE

**2.1** Plaintiffs Ha's are the owners in fee simple of Real Property located at 9419-Points Dr. NE Clyde Hill WA, 98004. Parcel #192505914601 and legally described as follows:

*PORTION OF N HALF OF N HALF OF SW QTR OF NE QTR STR 19-25-05 DAF: BEG AT NW CORNER SD SW QTR OF NE QTR TH S 0-37-17 E 327.25 FT ALG W LN THOF TH N 89-39-30 E 667.25 FT TH N 0-20-30 W 266.3 FT TO NXN WITH SLY LN LAKE WASHINGTON BLVD NE & TPOB TH S 18-02-35 E 124.98 FT TH N 89-39-30 E 50 FT TH N 8-08-05 W 143.18 FT TO SLY LN SD LAKE WASHINGTON BLVD TH ON CRV TO LEFT ALG SD SLY LN RADIUS OF 348.37 FT DIST OF 72.41 FT TO TPOB TGW PORTION OF N HALF OF N HALF OF SW QTR OF NE QTR STR 19-25-05 DAF: BEG AT SW CORNER SD SUBD TH N 89-39-30 E 667.25 FT ALG S LN THOF TH N 0-20-30 W 266.3 FT TO SLY LN LAKE WASHINGTON BLVD NE & TPOB TH SWLY ALG SD SLY LN ON CRV TO LEFT RADIUS OF 348.37 FT ARC DIST OF 5.00 FT TH S 20-19-40 E 124.47 FT TH N 18-02-35 W 124.98 FT TO TPOB*

**2.2** The Ha property was purchased with the Original loan from Bancorp Beneficiary in the The Deed of Trust was recorded under King County Auditor # 20070515001210 and reference as Mortgage Electronic Registration Systems Inc, this loan originated on May 4th, 2007 and was recorded on May 15th, 2007 and would never be paid, Has have always disputed the debt.

**2.3** The Ha's have made no payment on the debt since January 2009, 122 months (10 years +).

COMPLAINT FOR QUIET TITLE 2                                   WON YONG HA AND MONICA YOUNG HA
                                                              9419-Points Dr. NE
                                                              Clyde Hill WA, 98004

**2.4** Under Washington Law, promissory notes and deeds of trust securing such notes are subject to a six-year statute of limitations. RCW. 4.16.040; *Westar Funding v. Sorrels,* 157 Wn. App 777,784 (2010). When an action to foreclose on a deed of trust is barred by the statute of limitations, RCW 7.28.300 authorized the record owner to bring a quiet title action to clear the deed of trust. *Westar* 157 Wn. App at 785.

**2.5** The statute of limitations period commences, and a cause of action accrues when a party has a right to seek relief. More than 10 years have elapsed since the debt secured by the Deeds of Trust if ever recorded properly? Or other loan documents available are non-collectable and the right to foreclose on the Deed of Trust commenced now or other collections, nonjudicial foreclosure action is barred . within the six-year period (in this case 10 years).

**2.6** As such, actions to foreclose on the Ha Deeds of Trust are now barred by the statute of limitations and plaintiff Ha's is now entitled to quiet title against Deeds of Trust under RCW. 7.28.300 or other collections and recordings.

**2.7** The Deed of Trust or debt purported constitutes a cloud on Ha's title which should be removed.

### III. RESTRAINT OF TRUSTEE SALE AND BREACH OF DEED OF TRUST ACT, RCW 61.24...

**3.1** The foregoing facts stated above in Paragraph 1.1 to 2.7 are incorporated herein by reference.

**3.2** On May, 2016 the foreclosure trustee North Cascade Trustee Services would issue a notice of default and trustee sale, however they went bankrupt 2:18-bk-11375 so pursuant to the Deed of trust act a new default notice would need reissued, by Trustee Michelle.
COMPLAINT FOR QUIET TITLE 3

WON YONG HA AND MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004

Then on Oct 10th, 2018 Trustee Michelle R, Ghidotti, Esq would record a trustee sale notice with a sale date of February 8th, 2019. This sale would later be continued until May 17th, 2019 pursuant to RCW 61.24.040 (10). However, the Defendant "Trustee Michelle Ghidotti" failed to properly provide procedural notice as she used a defective notice of default issued in May of 2016. *Nearly three years ago.*

**3.3** Pursuant to Deed of Trust act the notice of Default must be issued (30) days before the start of the foreclosure sale, RCW 61.24.030 this would have been a notice of default sometime around January 8th, 2019, not May of 2016. As a result, the "Ha s" were deprived of pre foreclosure preventions, and the foreclosure fairness act RCW 61.24.163.

## IV. THIRD CAUSE OF ACTION

## BREACH OF FAIR DEBT COLLECTION ACT

**4.1** Plaintiff hereby re alleges all of the preceding 1.1 to 3.3 by refence here in.

**4.2** On May of 2016 Plaintiff pursuant to the Fair Debt Collection Act Title 15 U.S.C. 1692 disputed the debt and requested validation and payment history of debt. Pursuant to the Fair Debt Collection Act Title 15 U.S.C. 1692 (g) Defendants failed to validate debt, and pursuant to Title 15 U.S.C 1692 (c) sent multiple noticed to third parties. Excessively notifying multiple parties was a violation and as a result harmed Plaintiffs character and reputation. Defendants violated Title 15 U.S.C. 1692g (f) Unfair Practices by not verifying the debt or demonstrating standing to collect the debt.

**4.3** Title 15 U.S.C. 1692g (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the

COMPLAINT FOR QUIET TITLE 4            WON YONG HA AND MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004

original creditor. And a copy of such verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**4.4** By continuing with the foreclosure action and not providing evidence and validation of the debts ALL, Defendants U.S. Bank National Association, Selene Finance LP, and Michelle R. Ghidotti, Esq again harmed Plaintiff, resulting in damages pursuant to Title 15 U.S.C. 1692k (1), (2), and (3).

## V. FOURTH CAUSE OF ACTION
## BREACH OF CONSUMER PROTECTION ACT WASHINGTON STATE

**5.1** Plaintiff hereby re alleges all of the preceding ¶ 1.1-4.4 and incorporates herein by reference.

**5.2** Defendants Selene Finance LP actions in allowing a scheduled sale and attempting to proceed with a Trustee Sale while it was offering a loan modification on the loan constitute an unfair and deceptive practice. As Defendants did not have any standing to collect the debt (Loan) and had no evidence of recording the debt, and basically were trying to collect by bulling the Ha's by fear of defective foreclosure action as well. This action is contrary to public policy found both in the Deed of Trust Act and the treasury guidelines providing that alternatives to foreclosure are in the public interest.

**5.3** Defendants violated the Consumer Protection Act. The Consumer Protection Act declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Generally, to prevail in a private Consumer Protection Act claim, the Plaintiff must prove (1) an unfair or deceptive act or practice (2) occurring in trade or commerce

(3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. The failure to establish any of these elements is fatal to a Consumer Protection Act claim.

5.5. Plaintiff alleges, has knowledge, and is reasonably informed that all Defendants have breached the Washington State Consumer Protection Act RCW 19.86.090 Civil Action Damages-treble damages.

5.6 Plaintiff alleges, has knowledge, and is reasonably informed that all Defendants have violated the Washington State Consumer Protection Act RCW 19.86.030 Contracts, Combinations, Conspiracies in restraint of trade declared unlawful.

5.7 As a result of Defendants actions Plaintiff has been harmed and suffered damages.

## VI. SIXTH CAUSE OF ACTION

## CLAIMS FOR INJUNCTIVE RELIEF AND PERMANENT RESTRAINT OF SALE

6.1. Plaintiff hereby re alleges all of the preceding allegations ¶ 1.1-5.7 -

6.2 The chain of title as demonstrated by the facts show a question of who the beneficiary is as well as the owner of the Note securing Plaintiff's home loan.

6.3 The Deed of Trust Act Chapter RCW 61.24. governs deeds of trust in Washington. When [a promissory note is] secured by a deed of trust that grants the trustee the power of sale [and] if the borrower defaults on repaying the underlying obligation, the trustee may usually foreclose the deed of trust and sell the property without judicial supervision. *Bain v. Metro. Mortg. Group, Inc.*, 175 Wn.2d 83, 93, 285 P.3d 34 (2012). The Supreme Court has repeatedly stated that the Deeds of Trust Act "must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting

nonjudicial foreclosure sales." *Schroeder v. Excelsior Mgmt. Group, LLC*, 177 Wn.2d 94, 105, 297 P.3d 677 (2013).

6.4. Under the Deed of Trust Act, only a properly appointed trustee may conduct a nonjudicial foreclosure. Moreover, only a proper beneficiary has the power to appoint a successor to the original trustee named in the deed of trust. RCW 61.24.010(2) states: The trustee may resign at its own election or be replaced by the beneficiary....If at trustee is not appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or death of the trustee, the beneficiary shall appoint a trustee or a successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee. The plain words of this statute establish that the beneficiary of a deed of trust is the sole entity entitled to appoint a successor trustee.

6.5 The Notice of Trustee Sale alleges that Defendant U.S. Bank National Association is the beneficiary and appoints the trustee for the purpose of sale. By way of a self-serving Assignment under King County Auditor #201806290000026. However, the record reports a assignment of a debt unsecured, no Evidence as the beneficiary with the power to appoint a trustee does not exist.

6.6 As a result of All Defendants U.S. Bank National Association and Michelle R. Ghidotti misrepresentation and failure to comply with the Deed of Trust Act RCW 61.24 and as a matter of law the sale is prohibited from going forward.

6.7 As a result Plaintiff has been harmed and damaged by Defendants wrongful conduct and defendant's unlawful actions.

6.8 **Irreparable Harm**: In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits that he is likely to suffer irreparable harm in

the absence of preliminary harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. ed. 2d 249 (2008). [*5] In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

**6.9** There is a substantial likelihood that Plaintiff will prevail on the merits of this action. Defendants Gross Negligence of the underlying Foreclosure Documents and purported debt is Prima facie Evidence that the foreclosure sale scheduled is fabricated and barred by Statute of limitations to collect or take any action. If such injunctive relief is not granted, then the Plaintiff will suffer irreparable harm by the loss of the right, title, and interest in his home that that has been paid for as agreed.

**6.10** Since notice of the foreclosure Plaintiff actively sought an alternative however the banks scheme has unjustly encumbered his ability to sell the property and benefit from the equity thus forcing Plaintiff into this civil litigation.

**6.11** The impending irreparable injury to Plaintiff far outweighs whatever damage the proposed injunctive relief would impose on the Defendants;

**6.12** Finally, the injunctive relief would not be averse to the public interest. To the contrary, it would further the public policy of protecting the integrity of the Deed of Trust Act and Washington State non-judicial foreclosure guidelines.

**6.13** The trustee does not have a fiduciary duty or fiduciary obligation to the grantor or other person having an interest in the property subject to the deed of trust. RCW 61.24.130(3). Rather,

the Act provides that "[t]he Trustee or successor Trustee shall act impartially between the borrower, grantor, and beneficiary." RCW 61.24.130(4). In *Bell v. F.D.I.C.*, 2010 WL 113995*3(W.D. 2010), the court held that, while the trustee did not owe a fiduciary duty to the debtor, **the trustee did owe a duty of due diligence and to act with impartiality**. See also, *Cox v. Helenius*, 103 Wn. 2d 383, 389, 693 P.2d 683 (1985) ("Because the deed of trust foreclosure process is conducted without review or confirmation by a court, the fiduciary duty imposed upon the trustee is very high…the trustee is bound by his office to present the sale under every possible advantage to the debtor as well as to the creditor. He is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and creditor alike").

**6.14.** Here it is obvious that the Trustee has breached the duty of care by misrepresentation and failure to follow the prerequisite to trustee sale. Aiding and conspiring with Defendant US Bank NA is a breach of RCW 61.24.010(3) and (4) and caused damages to Plaintiffs

### RESERVATION

Plaintiff reserves the right to assert and amend this complaint should discovery show ongoing damages to Plaintiff by Defendants actions. Plaintiff is aware Defendants continue to violate the law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. For immediate postponement or cancel of unlawful non judicial foreclosure scheduled.

COMPLAINT FOR QUIET TITLE 9

WON YONG HA AND MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004

B. Judgment that Plaintiffs owns, in fee simple absolute, the Ha Property as against the Defendants and all persons claiming under the Defendants, who shall have no estate, right, title, lien, or interest in or to the Ha's Property, or any part thereof, and that title to the Ha Property be quieted to the Plaintiffs against all claims of Defendants and all persons claiming under Defendants;

C. Judgment against Defendants for costs and attorney's fees pursuant to RCW 4.84.330

D. For such other and further relief as the Court deems just and equitable.;

E. Trial by Jury.

X *Won Yong Ha*  X *Monica Ha*

Submitted this _____ day of __4/02/__ 2019 at WA.

WON YONG HA , MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004

COMPLAINT FOR QUIET TITLE 10

WON YONG HA AND MONICA YOUNG HA
9419-Points Dr. NE
Clyde Hill WA, 98004