**UNITED STATES COURT**

**WESTERN DISTRICT COURT OF WASHINGTON**

**SEATTLE**

| | |
|---|---|
| WON YONG HA and MONICA YOUNG HA | **CASE NO**. 2:19-cv-00492-RAJ |
| Plaintiff, | |
| vs. | US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND MEET AND CONFER DECLARATION (FRCP 12(b)) |
| US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP AND FORECLOSURE TRUSTEE, MICHELLE R. GHIDOTTI, ESQ. | |
| Defendant. | **NOTE ON MOTION CALENDAR JUNE 21, 2019** |
| | [Filed concurrently with: 1. Request for Judicial Notice in Support of Motion to Dismiss Complaint. 2. [Proposed] Order on Motion to Dismiss Complaint.] |

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 1 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

PLEASE TAKE NOTICE THAT, on June 21, 2019, or as soon thereafter as the matter may be heard in Courtroom Suite 13106, the Honorable Richard A. Jones, presiding, Defendants US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP ("Defendants") will and hereby do move this Court for an Order granting Defendants' Motion to Dismiss the Complaint of Plaintiffs Won Yong Ha and Monica Young Ha ("Plaintiffs") in its entirety pursuant to Federal Rule of Civil Procedure 12 (b)(6) ("Motion").

This Motion is made on the following grounds: Plaintiffs' Complaint fails to state facts sufficient to support any cause of action.

This Motion will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Kristin A. Zilberstein re Meet and Confer, and upon such other records, files and evidence as may be presented at the hearing of the Motion.

Date: May 21, 2019

By: _____
Kristin A. Zilberstein, WSBA #47798
kzilberstein@ghidottiberger.com
**Ghidotti | Berger LLP**
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010
Facsimile: (949) 427-2732

*Attorney for Defendants,* US BANK
NATIONAL ASSOCIATION, NOT
INDIVIDUALLY BUT SOLELY AS TRUSTEE
FOR BLUE WATER INVESTMENT TRUST
AND SELENE FINANCE LP

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 2 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

# **TABLE OF CONTENTS**

I.      INTRODUCTION ……………………………………………………………..1

II.     FACTUAL BACKGROUND …………………………………………………..1

        A.  Sale of Loan …………………………………………………………..1

        B.   Five Bankruptcy Cases Dismissed and a Sixth One Filed on May 16, 2019 ……………...2

III.    STANDARD OF A FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION ………...3

IV.     WASHINGTON'S DEED OF TRUST ACT ………………………………………………..4

V.      PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR QUIET TITLE …………………5

        A.  The Non-Judicial Foreclosure is Not Barred by the Statute of Limitations …………………5

        B.  Furthermore, the Statute of Limitations was Tolled During the Bankruptcies and Loss
            Mitigation Allowing Additional Time to Foreclose ………………………………………6

VI.     PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH
        OF DEED OF TRUST ACT ………………………………………………………………...7

VII.    PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH
        OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") ………………………..8

VIII.   PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH
        OF THE CONSUMER PROTECTION ACT ("CPA") ………………………………………9

        A.  Defendants Did Not Engage in an Unfair or Deceptive Act …………………………………9

        B.  There is No Injury to the Public Interest …………………………………………………10

        C.  Defendants Did Not Cause Any Damages  ………………………………………………11

IX.     PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR INJUNCTIVE
        RELIEF AND PERMANENT RESTRAINT OF SALE …………………………………12

        A.  Plaintiffs Have Not Shown a Likelihood of Success on the Merits ……………….…...…12

        B.  Plaintiff Is Not Likely To Suffer Irreparable Harm in the Absence of Preliminary Relief …13

        C.  The Balance of Equities Does Not Tip in Plaintiffs' Favor …………………………………13

D.  An Injunction is Not in the Public Interest ……………………………………………13

X.      CONCLUSION ……………………………………………………….…………14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- ii -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

# **TABLE OF AUTHORITIES**

**Cases**

*4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003 [386 P.3d 1084] (2017) ................................ 5

*4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423  [382 P.3d 1] (2016)........................... 5

*Ambach v. French*, 167 Wn.2d 167 [216 P.3d 405] (2009)........................................... 11

*Anderson v. Clow,* 520 U.S. 1103 [117 S.Ct. 1105, 137 L.Ed.2d 308] (1997)........................................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662  [129 S.Ct. 1937, 173 L.Ed.2d 868] (2009) ........................................... 4

*Babrauskas v. Paramount Equity Mortg*., 2013 WL 5743903 *4 (W.D. Wash. Oct 23, 2013) .............. 11

*Bain v. Metro. Mortgage Grp., Inc*., 175 Wn.2d 83 [285 P.3d 34, 38] (2012)........................................... 5

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990)........................................... 3

*Barron v Reich*, 13 F.3d 1370 (9th Cir. 1994) ........................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 [127 S.Ct. 1955, 167 L.Ed.2d 929] (2007) ..................... 4

*Brown v. Washington State Dep't of Commerce,* 184 Wn.2d 509 [359 P.3d 771] (2015)........................... 4

*Chandler v. State Farm Mutual Automobile Insurance Co*, 598 F.3d 1115 (9th Cir. 2010) ..................... 4

*Columbia Physical Therapy, Inc., PS v. Benton Franklin Orthopedic Associates, PLLC*, 168 Wn.2d 421,

    [228 P.3d 1260] (2010) ........................................... 9

*Country Express Stores, Inc. v. Sims,* 87 Wash.App. 741, 943 P.2d 374 (1997) ..................................... 13

*Davis v. HSBC Bank*, 691 F.3d 1152 (9th Cir. 2012) ........................................... 4

*Demopolis v. Galvin*, 57 Wn. App. 47 [786 P.2d 804] (1990) ........................................... 11

*Edmundson v. Bank of America, N.A.,* 194 Wn. App. 920 [378 P.3d 272, 278] (2016)........................... 5

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co,* 105 Wn.2d 778 [719 P.2d 531] (1986) . 10

*Herzog v. Herzog*, 23 Wn.2d 382, 387-88 [161 P.2d  142, 144] (1945)................................... 5

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- iii -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

*Hinchman v. Anderson*, 32 Wash. 198 [72 P. 1018] (1903) ............................................................ 6

*Ho v. ReconTrust Company, NA*, 858 F.3d 568 (9th Cir. 2016) .................................................... 8

*Holiday Resort Comm. Ass'n v. Echo Lake Assoc., LLC*, 134 Wn. App. 210 [135 P.3d 499] (2006) ..... 10

*In re Ahlers*, 794 F.2d 388 (8th Cir. 1986) ................................................................................. 6

*In re Capital Mortg. & Loan, Inc.*, 35 B.R. 967 (Bkrtcy E.D. Cal. 1983) .................................... 6

*In re Stac Electronics Securities,* 89 F.3d 1399 (9th Cir. 1996) ................................................. 3

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59 [170 P.3d 10] (2007) ... 10

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59 [170 P.3d 10] (2007) ... 11

*Isthmian S.S. Co. v. National Marine' Beneficial Ass'n*, 41 Wn.2d 106 [247 P.2d 549] (1952) ............. 12

*Lightfoot v. MacDonald*, 86 Wn.2d 331 [544 P.2d 88] (1976) ................................................. 10

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000) ........................................................................ 14

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .......................... 4

*Merceri v. Deutsche Bank AG*, 2 Wn. App. 2d 143 [408 P.3d 1140] (2018) ............................... 7

*Michael v. Mosquera-Lacy*, 165 Wn.2d 595 [200 P.3d 695, 698-99] (2009) .......................... 9

*Papasan v. Allain*, 478 U.S. 265 [106 S.Ct. 2932, 92 L.Ed.2d 209] (1986) ............................. 3

*Schnall v. AT&T Wireless Services. Inc.*, 171 Wn.2d 260 [259 P.23d 129] (2011) ................... 11

*Seattle-First National Bank v. Westwood Lumber, Inc.*, 59 Wn. App. 344 [796 P.2d 790] (1990) .......... 6

*Sign-0-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553 [825 P.2d. 714] (1992) .............. 11

*State v. Pacific Health Center, Inc.*, 135 Wn. App. 149 [143 P.3d 618] (2006) ...................... 9

*Steele v. Extendicare Health Services., Inc.*, 607 F. Supp. 2d 1226, 1230 (W.D. Wash. 2009) ............ 9

*Thursman v. Wells Fargo Home Mortg.*, 2013 WL 3977662, *3-4 (W.D. Wash. Aug 2, 2013) ............ 11

*Tyler Pipe Industries, Inc. v. State, Dept. of Revenue*, 96 Wn.2d 785 [638 P.2d 1213] (1982) .............. 12

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- iv -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

*Washington Federal, National Association v. Pacific Coast Construction, LLC*, 4 Wn. App. 2d 1065 (2018) ............................................................................................................................... 7

*Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777 [239 P.3d 1109] (2010) ........................... 5

*Wilson v. Draper &Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006) ................................... 8

*Winter v. Natural Resources,* 555 US 7, 24 [129 S.Ct. 365, 172 L.Ed.2d 249] (2008) ............................ 12

**Statutes**

11 U.S.C. § 362(a)(3) .............................................................................................................. 6

11 U.S.C. § 362(c)(1) .............................................................................................................. 6

11 U.S.C. § 541(a) .................................................................................................................. 6

15 U.S.C. § 1692(e) ................................................................................................................ 8

15 U.S.C. § 1692a(6) .............................................................................................................. 8

15 U.S.C. §1692 ...................................................................................................................... 8

15 U.S.C. 1692(c) ................................................................................................................... 8

15 U.S.C. 1692(g) ................................................................................................................... 8

Federal Rule of Civil Procedure 12(b)(1) .............................................................................. 4

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 3

RCW 19.86.090 ..................................................................................................................... 11

RCW 19.86.093(3) ................................................................................................................. 10

RCW 4.16.170 ......................................................................................................................... 6

RCW 4.16.230 ......................................................................................................................... 6

RCW 61.24.010(4) ................................................................................................................. 12

RCWA 7.28.300 ...................................................................…….12

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- v -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

RWC §61.24.030(8) ......................................................................................................... 7

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- ii -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

This is Plaintiffs Won Yong Ha ("Won Ha" or "Mr. Ha") and Monica Young Ha aka Young Hee Ha Yoo aka Rosalynn Young-Hee Ha ("Mrs. Ha") (collectively "Plaintiffs" or "Has") latest attempt to forestall the foreclosure of the real property located at 9419 Points Northeast Drive, Clyde Hill, Washington, 98004, AP# 1925059146 ("Property"), which they admit they have been living in for free since January of 2009. They have not even been paying the insurance and property taxes on the Property. Yet instead, they file frivolous bankrupties and lawsuits wasting valuable judicial resources just to delay in inevitable and continue to live in the Property for free.

## II.   FACTUAL BACKGROUND.

Plaintiffs purchased the Property in May of 2007. (Complaint ¶2.2; Dkt. #1 at p.2; Request for Judicial Notice "RJN" #1 Note.) At the time Plaintiffs purchased the Property, Mrs. Ha entered into a loan agreement with PMC Bancorp for a $768,750 loan ("Loan"). The Loan was secured by a Deed of Trust of the Property, naming PMC Bankcorp as the Lender; Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary; and Young Hee Ha Yoo and Won Yong Ha, wife and husband, as the Grantors/Borrowers, which was recorded on May 15, 2007 in King County as instrument #20070515001210. (Complaint ¶2.2; Dkt. #1 at p.2; RJN "2" Deed of Trust.).

### A.   Sale of Loan.

Thereafter, the loan was sold to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, L.P. and a Corporation Assignment of Deed of Trust was recorded on April 22, 2011 in the King County recorder's office #20110422000347. (RJN "3" Corporation Assignment of Deed of Trust.)

Thereafter, the loan was sold to Christina Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 ("ARLP Trust 3") and an Assignment of Deed of Trust was recorded on April 10, 2014 in the King County recorder's office #20140410000009. (RJN "4" Assignment of Deed of Trust.)

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 1 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Thereafter, ARLP Trust 3 sold the loan to Defendant BLUEWATER INVESTMENT TRUST 2017-1 ("BLUEWATER"). An Assignment of Deed of Trust was recorded on June 29, 2018 in the King County recorder's office #20180629000026. (RJN "5" Assignment of Deed of Trust.) U.S. National Association is the Trustee for BLUEWATER, an investment trust.

BLUEWATER transferred the servicing of the Loan to defendant Selene Finance LP ("SELENE"). On September 26, 2018, SELENE substituted in defendant Michelle R. Ghidotti, Esq., ("GHIDOTTI") as the Successor Trustee and recorded an Appointment of Successor Trustee on October 3, 2018 in King County as instrument #2018-1003000713. (RJN "6" Appointment of Successor Trustee.)

**B     Five Bankruptcy Cases Dismissed and a Sixth One Filed on May 16, 2019.**

Plaintiffs fully admit they have not made a payment on the loan since January of 2009. Instead of paying their debt, Plaintiffs have filed repeated bad faith bankruptcies to forestall the foreclosure.

Plaintiffs Won Ha and Rosalynn Young-Hee Ha (Mrs. Ha) filed a Chapter 13 bankruptcy petition Case #11-20950 in Washington Western Bankruptcy Court on September 15, 2011, which was dismissed on November 15, 2011. (RJN "7" Docket in Case #11-20950.) In that bankruptcy, Plaintiffs filed a Chapter 13 Plan stating they have "active loan modifications with Bank of America, Debtor's Loan modification will begin December 10, 2011." (RJN "8" Plan in Case #11-20950.)

Won Ha filed another Chapter 13 petition Case #16-16385 on December 28, 2016, which was dismissed on February 3, 2017 for failing to file schedules, statements, lists, or a plan. (RJN "9" Docket in Case #16-16385.)

Won Ha filed another Chapter 13 petition Case #17-14832 on November 2, 2017, which was dismissed just a month later on December 13, 2017 for failing to file schedules, statements, lists, or a plan. (RJN "10" Docket in Case #17-14832.)

Won Ha filed another Chapter 13 petition Case #18-010301 on January 25, 2018, which was dismissed for abuse on May 4, 2018 with a 180 days bar. (RJN "11" Docket in Case #18-010301.)

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 2 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Won Ha filed another Chapter 13 petition Case #19-10403 on February 6, 2019 to stop the foreclosure sale set for February 8, 2019. The order dismissing the case with a two-year bar from re-filing was filed on 4/15/19. (RJN "12" Docket in Case #19-10403 & RJN "13" Order.)

Knowing their bad faith repeat bankruptcy was about to be dismissed, the Has filed this frivolous lawsuit on April 3, 2019 in pro per. They failed to properly serve any of the defendants with the summons and complaint. Instead, Mr. Ha threatened to default defendants and file a second lawsuit if they did not postpone or set aside the continued foreclosure sale set for May 17, 2019,

Then on May 16, 2019, Mrs. Ha filed a Chapter 13 petition in pro per to stop the May 17, 2019 foreclosure. (RJN "14" Petition, Summary of Assets and Schedule D: Creditors Who Have Claims Secured by Property in Case # 19-11844.) Mrs. Ha admits she owes $817,000 on the Property. (*Id.* at p. 9 and 23.) On May 28, 2019, Mrs. Ha filed a bad faith Chapter 13 Plan with no proposed Plan payments. (RJN "15" Plan in Case # 19-11844.) Clearly, this is just another bad faith bankruptcy to forestall the foreclosure and continue to live in the house for free.

Mrs. Ha has use at least the following names Young Hee Ha Yoo, Rosalynn Young-Hee Ha and Monica Young Ha. (RJN "13" Order Changing Name.)

### III.    STANDARD OF A FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Conclusory allegations that are unsupported by the facts alleged in the complaint need not be accepted as true and will not suffice to prevent a motion to dismiss. (*Papasan v. Allain,* 478 U.S. 265, 286 [106 S.Ct. 2932, 92 L.Ed.2d 209] (1986).) The Court is not required to accept as true allegations that are unwarranted inferences. (*In re Stac Electronics Securities,* 89 F.3d 1399, 1403 (9th Cir. 1996), *cert. denied, Anderson v. Clow,* 520 U.S. 1103 [117 S.Ct. 1105, 137 L.Ed.2d 308] (1997).)

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. (See *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990), overruled on other grounds, *Bell*

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 3 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Atlantic Corp. v. Twombly, 550 U.S. 544 [127 S.Ct. 1955, 167 L.Ed.2d 929] (2007).) Further, with respect to a plaintiff's pleading burden, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." (*Bell Atlantic Corp. v. Twombly*, *supra* 550 U.S. 544, 555 (internal citations omitted).) To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *(Ashcroft v. Iqbal*, 556 U.S. 662, 678 [129 S.Ct. 1937, 173 L.Ed.2d 868] (2009) (internal quotation marks omitted).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ibid*.) A court is not required to accept as true legal conclusions couched as factual allegations. (*Ibid*.) A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." (*Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).) The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, *supra* 550 U.S. 544, 568.)

On a motion to dismiss, a court may consider documents referenced in the complaint but not physically attached to the pleading. (*Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012).) A court may also consider matters judicially noticed without converting the motion to dismiss into a motion for summary judgment. (*Barron v Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).) In addition, under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction if the claim is not yet ripe for adjudication. (*Chandler v. State Farm Mutual Automobile Insurance Co*, 598 F.3d 1115, 1122 (9th Cir. 2010).)

## IV.    WASHINGTON'S DEED OF TRUST ACT.

Before 1965, Washington mortgages could only be foreclosed in judicial proceedings. (*Brown v. Washington State Dep't of Commerce,* 184 Wn.2d 509, 515 [359 P.3d 771, 773] (2015).) In 1965, the Washington legislature passed the Deed of Trust Act ("DTA"), which created a specific process for nonjudicial foreclosures on deeds of trust. *Ibid*. A deed of trust is "a three-party transaction in which

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 4 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower." (*Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83, 92-93 [285 P.3d 34, 38] (2012)(internal citation omitted).) It "creates a security interest in real property." (*Brown v. Washington, supra* 359 P.3d 771, 773.) Washington's DTA has three goals: "[f]irst, the nonjudicial foreclosure process should remain efficient and inexpensive. Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." (*Ibid.* (quoting *Bain v. Metropolitan Mortgage. Group, Inc.*, 175 Wn.2d 83, 94 [285 P.3d 34, 39] (2012).)

## V. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR QUIET TITLE.

Plaintiffs have alleged a claim of Quiet Title in their first cause of action based on the Statute of Limitations. Plaintiffs admit they made payments on the Loan until January of 2009. (Complaint ¶2.2, Dkt. #1 at p.2). Now they want the Court to eliminate BLUEWATER'S lien and let them have the Property, which they did not pay for.

### A. The Non-Judicial Foreclosure is Not Barred by the Statute of Limitations.

An installment note is payable in multiple payments over a designated period. It is essentially saying, "I owe you money in the future at certain designated times." For installment notes, the statute of limitations runs against each installment from the time it becomes due. Every missed payment by the borrower starts its own six-year statute of limitations. (*Herzog v. Herzog*, 23 Wn.2d 382, 387-88 [161 P.2d 142, 144] (1945); *Edmundson v. Bank of America, N.A.,* 194 Wn. App. 920 [378 P.3d 272, 278] (2016).)

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the note matures or a lender unequivocally accelerates the note's maturation. (See *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434–35 [382 P.3d 1] (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003 [386 P.3d 1084] (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784 [239 P.3d 1109] (2010).)

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 5 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

In the present case, the Loan does not mature until June 1, 2047 (RJN "1"). Hence, Defendants may still proceed with the foreclosure until June 1, 2053.

**B.      Furthermore, the Statute of Limitations was Tolled During the Bankruptcies and Loss Mitigation Allowing Additional Time to Foreclose.**

RCW 4.16.170 states, in pertinent part, "For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first." Under RCW 4.16.230, the statute of limitations is tolled when the commencement of an action is stayed by a statutory prohibition. The time during which the prohibition is in force is not computed as part of the limitations period. (*Hinchman v. Anderson*, 32 Wash. 198 [72 P. 1018] (1903).) The running of the statute of limitation may be tolled, by bankruptcy proceedings, non-judicial foreclosure proceedings, other types of litigation, loss mitigation, under the *Service Member Civil Relief Act*, and other equitable grounds.

Upon filing a petition for bankruptcy, a petitioner's property interests become property of the bankruptcy estate. (11 U.S.C. § 541(a).) An automatic stay is imposed on proceedings to obtain possession or exercise control of property in the bankruptcy estate. (11 U.S.C. § 362(a)(3).) The stay applies to "'all acts by creditors to enforce their liens against the debtor's property.' " (*Seattle-First National Bank v. Westwood Lumber, Inc.*, 59 Wn. App. 344, 352 [796 P.2d 790] (1990) (quoting *In re Ahler*s, 794 F.2d 388 (8th Cir. 1986).) The automatic stay remains in force until the property at issue "is no longer property of the estate." (11 U.S.C. § 362(c)(1).) The automatic stay prohibits the initiation of any steps ... that would lead to foreclosure of property of the debtor's estate." (*In re Capital Mortg. & Loan, Inc*., 35 B.R. 967, 971 (Bkrtcy E.D. Cal. 1983).)

RCW 4.16.230 applies "[w]hen the commencement of an action is stayed by ... a statutory prohibition...." The bankruptcy code stays all acts to exercise control over property of the bankruptcy estate. (11 U.S.C. § 362(a)(3).) The bankruptcy stay thus prohibits or forbids the commencement of a foreclosure action. The relief from stay provision emphasizes this meaning. If a creditor must move for relief in order to bring an action, the creditor is otherwise prohibited from bringing the action. "Under the plane language of RCW 4.16.230, the statute of limitations is tolled during the bankruptcy stay." (*Merceri v. Deutsche*

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 6 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

*Bank AG*, 2 Wn. App. 2d 143, 145 [408 P.3d 1140] (2018).) Therefore, the bankruptcy stay is a statutory prohibition that tolls the statute of limitations. (See also *Washington Federal, National Association v. Pacific Coast Construction, LLC*, 4 Wn. App. 2d 1065 (2018), unpublished opinion.)

Furthermore, Plaintiffs also engaged in loss mitigation with Defendants predecessors Bank of America, which tolls the statute of limitations. According to Plaintiffs' own Chapter 13 Plan they filed in the first bankruptcy they have "active loan modifications with Bank of America, Debtor's Loan modification will begin December 10, 2011." (RJN "8".)

Hence, any accruing of the statute of limitations was tolled during the five bad faith dismissed bankruptcies and the loss mitigation efforts. Thus extending the running of the statute of limitations for each payment due since the first bankruptcy that was filed back in 2011. Hence, Defendants still have the right to proceed with the foreclosure of the Property as monthly installments are still due on this Note that does not mature until June 1, 2047. Therefore, Plaintiffs' first cause of action for Quiet Title based on the statute of limitations should be dismissed without leave to amend.

## VI. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH OF DEED OF TRUST ACT.

Plaintiffs allege Defendants breached the Deed of Trust Act ("DTA") because defendant Trustee Michelle Ghidotti did not reissue the notice of default ("NOD") after Plaintiffs filed bankruptcy in 2018. The only requirement under the DTA is that the NOD must be issued **at least thirty days** before the Notice of Trustee's Sale. (RWC §61.24.030(8).)

Plaintiffs admit that in May of 2016, the previous foreclosure trustee North Cascade Trustee Services issued the NOD. (Complaint ¶3.2; Dkt. #1 at p.3.) They further admit that trustee Michelle Ghidotti recorded a trustee sale notice on October 10, 2018. (Complaint ¶3.2; Dkt. #1 at p.3-4.) Clearly, this was more than thirty days after the NOD was issued. The Deed of Trust Act ("DTA") does not require a new NOD to be issued after a bankruptcy is filed. Furthermore, the bankruptcy was dismissed. (RJN "11".) The delay of the sale was because of Plaintiffs' own actions with the filing of four frivolous bankruptcies in 2016, 2017, 2018, and 2019 done with the intent to delay the foreclosure. Therefore,

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 7 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Plaintiffs' second cause of action should be dismissed without leave to amend as Plaintiffs admit the NOD was issued more than thirty days before the recorded Notice of Trustee's Sale. (Complaint ¶3.2; Dkt. #1 at p. 3-4)

## VII. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").

Plaintiff's third cause of action is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. Defendants seek to dismiss this cause of action on a claim that in May of 2016 "defendants" failed to validate the debt pursuant to 15 U.S.C. 1692(g) and sent "multiple noticed [sic]" to third parties in violation of 15 U.S.C. 1692(c).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." (15 U.S.C. § 1692(e).) The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." (15 U.S.C. § 1692a(6).)

The Ninth Circuit Court of Appeals has found that the FDCPA—with the exception of one provision discussed below—does not apply to the enforcement of a security interest such as a non-judicial foreclosure proceeding. In *Ho v. ReconTrust Company, NA*, the Ninth Circuit explained that the FDCPA imposes liability only when an entity attempts to collect a money debt. (*Ho v. ReconTrust Company, NA,* 858 F.3d 568, 571 (9th Cir. 2016).) The objective of a nonjudicial foreclosure, in contrast, is to "retake and resell the security, not to collect money from the borrower." (*Ibid.*) Thus, the Ninth Circuit held that an entity does not become a debt collector if its "only role in the debt collection process is the enforcement of a security interest." (*Id.* at 573, quoting *Wilson v. Draper &Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006).) Even though the enforcement of a security interest may create an incentive to pay the underlying debt, the Ninth Circuit rejected the notion that this incentive was sufficient to transform security interest enforcement into debt collection, because this would "render meaningless the FDCPA's carefully drawn distinction between debt collectors and enforcers of security interests, and expand the scope of the FDCPA well past the boundary of clear congressional intent and common sense." (*Id.* at 574.)

In addition, Plaintiffs have failed to state how any of the named Defendants violated the FDCPA.

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 8 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Plaintiffs admit in their Complaint that the alleged violation occurred in May of 2016 when Plaintiffs requested validation and payment history of the debt. (Complaint ¶4.2; Dkt. #1 at p.4.) Plaintiffs admit that North Cascade was the trustee, not Ghidotti in May of 2016. (Complaint ¶3.2; Dkt. #1 at p.3.) In fact, GHIDOTTI was not substituted in as Trustee until October 3, 2018 (RJN "6".) Furthermore, Defendants BLUEWATER did not own the Loan in 2016, nor was Selene servicing the Loan in 2016. (RJN "5".) Moreover, Plaintiffs have failed to state how they were harmed or what was the resulting damage. Nor have Plaintiffs specified what multiple notices were sent to third parties. The DTA Act requires Trustees to send notices to interested parties. Plaintiffs admitted they have not made a payment since January of 2009. (Complaint ¶2.3; Dkt. #1 at p.2.) Therefore, the third cause of action for breach of FDCA should be dismissed without leave to amend.

## VIII. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR BREACH OF THE CONSUMER PROTECTION ACT ("CPA").

Plaintiffs' fourth cause of action is for an alleged breach of the Washington Consumer Protection Act ("CPA") based on a claim Selene allowed a scheduled sale while it was offering a loan modification and defendants did not have any standing to collect the debt. (Compl. ¶¶ 5.1-5.7; Dkt. #1 at p.5-6). "To establish a CPA violation, the plaintiff must prove five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act." (*Steele v. Extendicare Health Services., Inc.*, 607 F. Supp. 2d 1226, 1230 (W.D. Wash. 2009) (quoting *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602 [200 P.3d 695, 698-99] (2009).)

### A. Defendants Did Not Engage in an Unfair or Deceptive Act.

"Whether an action constitutes an unfair or deceptive practice is a question of law." (*Columbia Physical Therapy, Inc., PS v. Benton Franklin Orthopedic Associates, PLLC*, 168 Wn.2d 421, 442 [228 P.3d 1260, 1270] (2010).) An act or practice is unfair or deceptive if it has the capacity to deceive a substantial portion of the public. (*State v. Pacific Health Center, Inc.*, 135 Wn. App. 149, 170 [143 P.3d 618, 628] (2006).) "Implicit in the definition of 'deceptive' under the CPA is the understanding that

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 9 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

the practice misleads or misrepresents something of material importance." (*Holiday Resort Comm. Ass'n v. Echo Lake Assoc., LLC,* 134 Wn. App. 210, 226 [135 P.3d 499] (2006).)

As a threshold matter, Plaintiffs fail to identify any defect in the foreclosure by Defendants, let alone an 'unfair or deceptive" act. There is absolutely no facts alleged to support Selene was "offering a loan modification". There is not a single allegation that Plaintiffs ever submitted a loan modification application to Selene, let alone a complete loan modification application, or that Selene offered Plaintiffs a loan modification, or that Plaintiffs accepted a loan modification offer. In any event, the DTA does not require Defendants to offer a loan modification. Nor is there any facts alleged to support the statement, "Defendants did not have standing to collect the debt (Loan)." (Complaint ¶5.2; Dkt. #1 at p.5.) Furthermore, neither one of these claims does not constitute unfair or deceptive practices.

Plaintiffs admit they have not made a payment since January of 2009. (Complaint ¶2.3; Dkt. #1 at p.2) The foreclosure was commenced because Plaintiffs stopped paying their mortgage, which triggered the trustee's power of sale. There is nothing unfair or deceptive about foreclosing on Property where the loan has been in default for years.

**B. There is No Injury to the Public Interest.**

An act or practice is injurious to the public interest if it "(a) [i]njured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." (RCW 19.86.093(3).) A plaintiff must show "not only that a defendant's practices affect the private plaintiff but that they also have the potential to affect the public interest." (*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc*., 162 Wn.2d 59, 74 [170 P.3d 10] (2007) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co,* 105 Wn.2d 778, 788 [719 P.2d 531, 536-537] (1986); *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335-36 [544 P.2d 88] (1976).)

Plaintiffs failed to identify or demonstrate any "public interest". This case involves a mortgage loan the Plaintiffs stopped paying over ten years ago. Foreclosure by a trustee is the remedy provided by contract, and what the Plaintiffs agreed to when they took out the loan. These are private actors, the case involves enforcement of a contract, and the trustee advanced the sale pursuant to both the contract and

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 10 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

applicable law. Foreclosing on a defaulted loan does not impact the public interest.

### C.    Defendants Did Not Cause Any Damages.

A CPA claimant must demonstrate injury to "business or property" proximately caused by the "unfair or deceptive" act. (RCW 19.86.090; see also *Ambach v. French*, 167 Wn.2d 167 [216 P.3d 405] (2009).) A CPA claimant must show that there is a causal link between the alleged misrepresentation or deceptive practice and the purported injury. (*Hangman v. Safeco*, *supra* 105 Wn.2d 778, 793.) "[T]he term proximate cause means a cause which in direct sequence unbroken by any superseding cause, produces the injury [or] event complained of and without such injury [or] event would not have happened." (*Schnall v. AT&T Wireless Services. Inc.,* 171 Wn.2d 260, 278 [259 P.3d 129] (2011) (quoting 6 Washington Practice: Washington Pattern Jury Instructions; Civil 15.01 at 181 (5th ed. 2005).) To prove causation, the "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."(*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84 [170 P.3d 10, 22] (2007).)

Plaintiffs have failed to demonstrate any injury to "business or property" proximately caused by Defendants' actions. To the extent Plaintiffs have incurred costs to bring his claim, those are fees and costs not recoverable under the CPA. (*Sign-0-Lite Signs, Inc. v. DeLaurenti Florists, Inc*., 64 Wn. App. 553, 564 [825 P.2d 714, 720 (1992) (merely having to prosecute a claim under the CPA "is insufficient to show injury to [a plaintiffs] business or property."); *Demopolis v. Galvin*, 57 Wn. App. 47 [786 P.2d 804] (1990); *Thursman v. Wells Fargo Home Mortg*., 2013 WL 3977662, *3-4 (W.D. Wash. Aug 2, 2013) (resources spent pursuing CPA claim are not recoverable injuries under the CPA; collecting cases); *Babrauskas v. Paramount Equity Mortg*., 2013 WL 5743903 *4 (W.D. Wash. Oct 23, 2013) (citing *Sign-o-Lite* and stating "the fees and costs incurred in litigating the CPA claim cannot satisfy the injury to business or property element; if plaintiff were not injured prior to bringing suit, he cannot engineer a viable claim through litigation".)

Plaintiffs have failed to alleged any injury and even if they did, Defendants were not the cause of any alleged injury.   Plaintiffs caused any claimed injury by not making the loan payments. Therefore,

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 11 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

Plaintiffs have failed to state a cause of action for breach of the CPA and the fourth cause of action should be dismissed without leave to amend.

## IX. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR INJUNCTIVE RELIEF AND PERMANENT RESTRAINT OF SALE.

"A preliminary injunction is an extraordinary remedy never awarded as of right." (*Winter v. Natural Resources,* 555 US 7, 24 [129 S.Ct. 365, 172 L.Ed.2d 249] (2008).) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." (*Id.* at 20.) "It is an established rule in this jurisdiction that one who seeks relief by temporary or permanent injunction must show (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him." (*Tyler Pipe Industries, Inc. v. State, Dept. of Revenue*, 96 Wn.2d 785, 793 [638 P.2d 1213] (1982).) "[A]n injunction "will not issue in a doubtful case." (*Id.* at 792 citing *Isthmian S.S. Co. v. National Marine' Beneficial Ass'n*, 41 Wn.2d 106, 117 [247 P.2d 549] (1952).)

Even under the Deed of Trust Act there must be a "proper legal or equitable ground" to restrain a trustee's sale. RCW 61.24.010(4) imposes a duty on the trustee to act in good faith toward borrowers/grantors and **beneficiaries**. Plaintiffs' have not presented a proper legal or equitable ground to restrain or postpone the foreclosure sale.

### A. Plaintiffs Have Not Shown a Likelihood of Success on the Merits.

Plaintiffs have not alleged any factual allegations to support a wild accusation of gross negligence of the underlying foreclosure documents. The foreclosure sale is not barred by the statute of limitations as the legal authorities noted above prove. The clear recorded chain of title shows Defendants have every legal right to foreclose. Plaintiffs have had over ten years to sell the Property. Yet instead, they have chosen to file six frivolous bankruptcies to stall the foreclosure as long as they could and have now filed

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 12 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

this frivolous lawsuit as a last attempt.  Meanwhile, they have been living on the Property for free for over ten years.

**B.  Plaintiff Is Not Likely To Suffer Irreparable Harm In The Absence Of Preliminary Relief.**

Plaintiffs admit they have not made a payment in ten years. While the foreclosure will displace them, they have known such a result was a possibility for at least ten years. As such, any potential irreparable harm is something they should have been anticipating.  For years, Plaintiffs should have been planning to move.  They made a conscious decision to not make the payments or sell the house. They could not have believed they would get the property for free. In the extreme unlikely event they would prevail, they can be compensated with monetary damages.

**C.  The Balance of Equities Does Not Tip in Plaintiffs' Favor.**

Plaintiffs admit they have not made a payment on the Loan in ten years and cannot afford the payments. Meanwhile, Defendants are paying the taxes and insurance on the Property and incurring additional costs and attorney fees as well as lost interest.    As such, Plaintiffs have failed to meet their burden on tipping the balance of equities in their favor.

**D.   An Injunction is Not in the Public Interest.**

A goal of the Washington Deed of Trust Act is that the nonjudicial foreclosure process should be efficient and inexpensive. (*Country Express Stores, Inc. v. Sims,* 87 Wn. App. 741, 747–48 [943 P.2d 374, 378] (1997).) The central philosophical underpinning of the Deed of Trust Act has always been that an efficient (i.e. speedy, inexpensive, not subject to judicial interference and delay) foreclosure process following default will benefit the residents of the State of Washington as a whole by reducing lending costs and promoting the availability of credit. Additionally, Plaintiffs cannot prove that stopping the foreclosure is in the public interest.

Therefore, Plaintiffs' fifth cause of action for injunctive relief and permanent restraint of sale should be dismissed without leave to amend.

\\\

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 13 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

## X.   CONCLUSION.

The Ninth Circuit has held that a district court should not grant leave to amend, when it determines that the pleading could not possibly be cured by the allegation of other facts. (See *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000).) In this matter, Plaintiffs cannot allege any facts sufficient to rehabilitate the Complaint.  For the foregoing reasons, this Court should dismiss the Complaint without leave to amend his claims.

Date: May ___, 2019

By: _____
Kristin A. Zilberstein, WSBA #47798
kzilberstein@ghidottiberger.com
**Ghidotti | Berger LLP**
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010
Facsimile: (949) 427-2732

*Attorney for Defendants,* US BANK NATIONAL
ASSOCIATION, NOT INDIVIDUALLY BUT
 SOLELY AS TRUSTEE FOR BLUE WATER
INVESTMENT TRUST AND SELENE
FINANCE LP

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 14 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

## DECLARATION OF KRISTIN A. ZILBERSTEIN

I, Kristin A. Zilberstein, declare as follows:

1.   I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.   I am a licensed Washington State attorney.  I am employed as an attorney for the law firm of Ghidotti | Berger, who represents defendants Selene Finance LP, the loan servicer and US Bank National Association, not individually but solely as Trustee for Blue Water Investment Trust, the current beneficiary of the Deed of Trust that is the subject of this lawsuit ("Defendants"). I make this motion in support of Defendants' motion to dismiss.

3.   I am one of the custodians of the law firm's books, records, and writings ("Records") as they pertain to this case. I have personally worked with, and on, Defendants' legal file in this matter and have personal knowledge that the Records were, and are, kept in the usual and ordinary course of business.

4.   Our office has attempted to contact the Plaintiffs Won Yong Ha and Monica Young Ha ("Plaintiffs") on multiple occasions to discuss this case and particularly this motion.  However, the Has have failed and refused to respond to our requests.  Instead, they have threatened to enter our default.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of May 29, 2019 at Irving, Texas.

Kristin A. Zilberstein

BLUEWATER AND SELENE'S
MOTION TO DISMSS THE COMPLANT
Case #2:19-cv-00492-RAJ
- 15 -

Kristin A. Zilberstein, WSBA #47798
Ghidotti | Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
(949) 427-2010

# PROOF OF SERVICE

*Won Yong Ha, et al. v. US Bank National Association, et al.*
*Case No.: 2:19-cv-00492-RAJ*

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1920 Old Tustin Avenue, Santa Ana, CA 92705.

On May 30, 2019, I served the foregoing document described as **US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND MEET AND CONFER DECLARATION (FRCP 12(b))** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

[X]     (BY MAIL)   I caused each such envelope, with postage thereon fully prepaid, to be sealed and placed in the United States mail at Santa Ana, CA. I am readily familiar with the practice of Ghidotti | Berger LLP for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

[ ]     (VIA NOTICE OF ELECTRONIC FILING (ECF)) Pursuant to controlling General Orders, the foregoing documents will be served by the Court via NEF and hyperlink to the document. On May 14, 2019, I checked the CM/ECF docket for this matter and determined that the following persons on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated on the attached service list.

[X]     (BY EMAIL SERVICE) By email or electronic transmission: Based on any agreement between parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]     (BY FACSIMILE)    Ghidotti | Berger LLP transmitted the above-referenced document(s) by facsimile transmission on its facsimile machine, having telephone number of (949) 427-2732, on the date and time stated below and to the facsimile number specified on the attached service list. The transmission was reported as complete and without error.

[ ]     (BY OVERNIGHT DELIVERY)     I am readily familiar with the practice of Ghidotti | Berger LLP for the collection and processing of overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ ]     (BY PERSONAL SERVICE) I caused the above-referenced documents to be personally served on the person(s) identified herein or on the attached service list.

[ ]     (STATE)     I declare under the penalties of perjury of the State of California that the above is true and correct of my personal knowledge.

[X]     (FEDERAL)   I declare that I am employed in the office of Ghidotti | Berger LLP and that Mr. Kristin A. Zilberstein is a member of the bar of this Court.

Executed on May 30, 2019, at Santa Ana, California.


*/s/ Leticia Ruiz*
Leticia Ruiz

### SERVICE LIST
*Won Yong Ha, et al. v. US Bank National Association, et al.*
*Case No.: 2:19-cv-00492-RAJ*

| | |
|---|---|
| Won Yong Ha<br>9419 Points Dr. NE<br>Clyde Hill, WA 98004<br>Email: mediation@mail.lawguru.com | PLAINTIFF, IN PRO PER |
| Monica Young Ha<br>9419 Points Dr. NE<br>Clyde Hill, WA 98004 | PLAINTIFF, IN PRO PER |