UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WON YONG HA AND MONICA YOUNG HA, | NO. 2:19-cv-00492-RAJ |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| US BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUE WATER INVESTMENT TRUST AND SELENE FINANCE LP AND FORECLOSURE TRUSTEE, MICHELLE R. GHIDOTTI, ESQ., | |
| Defendants. | |

This matter is before the Court on Defendants' motion to dismiss. Dkt. # 7. For the following reasons the Court **GRANTS** the motion.

ORDER – 1

# I.   BACKGROUND

Plaintiffs Won Yong Ha and Monica Young Ha (collectively "Plaintiffs") bring this action against Defendants to prevent the foreclosure of their property.  Dkt. # 1.  On May 4, 2007, PMC Bancorp loaned Plaintiffs $768,750 to purchase a home located at 9419 Points Northeast Drive, Clyde Hill, Washington.  Dkt. # 7-1, Ex. 1.  Plaintiffs signed a promissory note for the loan, requiring them to make monthly payments until June 1, 2047.  Dkt. # 7-1, Ex. 1.  The promissory note was secured by a deed of trust. Dkt. # 1 at ¶ 2.2.

Plaintiffs' loan was subsequently sold multiple times to various entities, culminating in the sale to Defendant Bluewater Investment Trust (Defendant U.S. National Association is a Trustee for Bluewater).  Dkt. # 7-1, Exs. 3-5.  Bluewater then transferred servicing of the loan to Defendant Selene Finance LP ("Selene Finance"), who substituted Defendant Michelle R. Ghidotti, Esq., ("Ghidotti") as the successor Trustee.  Dkt. # 7 at 10; Dkt. 7-1, Ex. 6. [1]

Plaintiffs stopped making payments on the note in January 2009.  Dkt. # 1 at ¶ 2.3.   In May 2016, the previous foreclosure trustee, North Cascade Trustee Services issued a notice of default.  Dkt. # 1 at ¶ 3.2.  On October 10, 2018, successor Trustee Ghidotti recorded a notice of trustee sale.  *Id.*  On April 3, 2019, Plaintiffs brought this lawsuit against US National, Selene Finance, and Ghidotti to quiet title to the property and enjoin the Trustee's foreclosure sale.  Dkt. # 1.  Plaintiffs also allege Defendants

_____

[1] Defendants ask the Court to take judicial notice of several documents filed in support of their motion to dismiss.  Dkt. # 7-1.  In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  However, the Court may take judicial notice of a "fact not subject to reasonable dispute" at any stage of the proceeding.  This includes undisputed matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the documents proffered by Defendants fall within this exception, the Court will consider these documents in connection with Defendants' motion.

violated the Washington Deed of Trust Act, Fair Debt Collection Practices Act, and Washington Consumer Protection Act. *Id.* Defendants move to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 7.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiffs are proceeding *pro se*, the Court must construe their pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). [2]

---

[2] Plaintiffs did not respond to Defendants' motion to dismiss. Instead, after the noting date, Plaintiffs submitted a "request for relief from deadline and opposition to their motion to dismiss local rule 7(d)(2)A)" in which they request additional time to file their response. Dkt. # 11. Because the Court is dismissing Plaintiffs' complaint with leave to amend and the request for an extension of time was improper and untimely, Plaintiffs' request is denied.

# III.    DISCUSSION

## A. <u>Quiet Title</u>

Plaintiffs first seek to quiet title to the property based on the statute of limitations. Dkt. # 1 at ¶ 2.4−2.5.   Specifically, Plaintiffs allege that non-judicial foreclosure is barred by the six-year statute of limitations under RCW § 4.16.040.  Dkt. # 1 at ¶ 2.4−2.5.   RCW § 4.16.040(1) provides: "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement" must be commenced within six years.  This includes actions to foreclose on a deed of trust.  *Edmundson v. Bank of Am., N.A.*, 194 Wn. App. 920, 927 (2016).  The six-year statute of limitations accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 195 Wn. App. 644, 663 (2016).

Plaintiffs do not dispute that they have not made any payments on the note since January 2009.  Dkt. # 1 at ¶ 2.3.  However, Plaintiffs appear to argue that the six-year statute of limitations on the promissory note began to run on the date of their first missed payment in 2009 and thus bars foreclosure on the deed of trust that secured the note. Dkt. # 1 at ¶¶ 2.3, 2.5.  This argument has been firmly rejected by the Washington Supreme Court.  In *Edmundson v. Bank of Am., N.A.*, the Court considered when the six-year statute of limitations period begins on a deed of trust payable in installments. *Edmundson,* 194 Wn. App. 920 at 927.  There, the Court concluded that the six-year statute of limitations on an installment promissory note accrues for each monthly installment from the time it becomes due.  *Id.* at 930.

In this case, Plaintiffs admittedly stopped paying on the note in 2009.  From that date, the six-year statute of limitations began to run each time Plaintiffs missed a payment.  Because Plaintiffs' loan does not mature until June 1, 2047, Defendants may still proceed with the foreclosure until June 1, 2053.  Dkt. # 7-1, Ex. 1.  Accordingly, Plaintiffs have failed to state a claim to quiet title sufficient to survive a motion to dismiss.

**B.  Breach of Deed of Trust Act**

Plaintiffs next allege that Defendants breached the Washington Deed of Trust Act when Ghidotti failed to reissue a notice of default after Plaintiffs filed their fourth bankruptcy in 2018.  Dkt. # 1 at ¶ 3.2.  This claim also fails.  Under RWC § 61.24.030(8), a notice of default must be issued at least thirty days before the notice of the trustee's sale.  Here, the notice of default was issued in May 2016.  Dkt. # 1 at ¶ 3.2. In October 2018, Ghidotti recorded the notice of a trustee's sale, well over thirty days after the notice of default was issued.  Dkt. # 1 at ¶ 3.2.  Plaintiffs offer no factual or legal basis for their assertion that the notice of default must be reissued after a bankruptcy is filed.   Plaintiffs' claim for breach of the Deed of Trust Act is dismissed for failure to state a claim.

**C.  Fair Debt Collection Practices Act**

Plaintiffs also argue that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when they failed to "validate" the debt under 15 U.S.C. § 1692(g) and sent "multiple noticed [sic]" to third parties in violation of 15 U.S.C. § 1692(c).  *See* Dkt. # 1 at ¶ 4.2.  In general, the FDCPA does not apply to the enforcement of a security interest such as a non-judicial foreclosure proceeding.  *Ho v. ReconTrust Company, NA*, 858 F.3d 568, 571-73 (9th Cir. 2016) (holding an entity does not become a debt collector if its "only role in the debt collection process is the enforcement of a security interest.").  Here, Plaintiffs' allegations that North Cascade (the former trustee) requested validation and payment history of the debt in May 2016, are insufficient to state a claim under the FDCPA.  *See* Dkt. # 1 at ¶ 4.2.  Moreover, Plaintiff has alleged no facts to support an FDCPA claim against any of the Defendants actually named in this action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  Accordingly, Plaintiffs' FDCPA claim is dismissed for failure to state a claim.

### D.  <u>Washington Consumer Protection Act</u>

Plaintiffs' next claim arises under the Washington Consumer Protection Act (the "CPA").  Dkt. # 1 at ¶¶ 5.2−5.7.  A CPA claim requires proof of five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).  Here, Plaintiffs allege that Selene Finance violated the CPA by "allowing a scheduled sale and attempting to proceed with a Trustee Sale while it was offering a loan modification."  *Id.*  Plaintiffs also allege that Defendants did not have any standing to collect on the debt because there was "no evidence of recording the debt."  *Id.*

Plaintiffs' CPA claim fails for several reasons.  First, Plaintiffs fail to allege any facts to support their claim that Selene Finance offered them a modification or that Defendants did not have standing to collect on the debt.  Dkt. # 1 at ¶¶ 5.2−5.7. Similarly, Plaintiffs fail to allege an injury to "business or property" caused by Defendants' purported violations.  To survive a motion to dismiss under 12(b)(6), Plaintiffs must offer more than conclusory allegations and a recitation of the legal elements of a claim.  *Twombly*, 550 U.S. at 555.  Accordingly, the Court finds that Plaintiffs have failed to state a claim under the CPA.

### E.  <u>Injunctive Relief</u>

Finally, Plaintiffs seek to enjoin the pending trustee sale of their property.  Dkt. # 1 at ¶¶ 6.1−6.14.  To obtain a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources*, 555 US 7, 24 (2008).

Here, Plaintiffs have not established a likelihood of success on the merits,

sufficient to warrant a preliminary injunction. As described above, there are significant deficiencies in each of Plaintiffs' claims. To obtain injunctive relief, Plaintiffs must show "serious questions going to the merits" of their claims. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Plaintiffs fail to do so. Accordingly, the Court finds Plaintiffs have failed to state a claim for injunctive relief under Rule 12(b)(6).

## IV. CONCLUSION

Construing all the allegations in the light most favorable to the Plaintiffs and giving due deference to Plaintiffs' *pro se* status, the Court finds that Plaintiffs' complaint fails to state a claim for relief under Rule 12(b)(6). Defendants' motion to dismiss is **GRANTED** and Plaintiffs' complaint is **DISMISSED**.

Defendants ask that Plaintiffs' complaint be dismissed without leave to amend. Dkt. # 7 at 22. Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*. Here, the Court is extremely skeptical that Plaintiffs can overcome the multiple deficiencies in the complaint. However, in considering Plaintiffs' *pro se* posture, the Court will afford them one opportunity to amend the complaint to state a proper claim against the United States.

**Within fourteen (14) days from the date of this Order**, Plaintiffs may file an amended complaint addressing the deficiencies addressed above. If Plaintiffs do not file an amended complaint within that timeframe, or if Plaintiffs file an amended complaint that does not state a cognizable claim for relief, the Court will dismiss the action with prejudice either *sua sponte* or by motion. Because the Court is dismissing the complaint,

Plaintiffs' motion to set aside the Trustee's declaration of non-monetary status is terminated as **MOOT**. Dkt. # 9.

DATED this 10th day of February, 2020.

_____

_____
The Honorable Richard A. Jones
United States District Judge