The Honorable Richard A. Jones

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11    WON YONG HA AND MONICA
      YOUNG HA,                              NO. 2:19-cv-00492-RAJ

12

13                     Plaintiffs,           **ORDER GRANTING
                                             EXTENSION**
14          v.

15

16    US BANK NATIONAL ASSOCIATION,
      NOT INDIVIDUALLY BUT SOLELY AS
17    TRUSTEE FOR BLUE WATER
      INVESTMENT TRUST AND SELENE
18    FINANCE LP AND FORECLOSURE
      TRUSTEE, MICHELLE R. GHIDOTTI,
19    ESQ.,

20

21                     Defendants.

22

23          This matter is before the Court on Plaintiffs' motion for an extension of time to

24    file an amended complaint, or alternatively stay the case pending mediation.  Dkt. # 15.

25    For the following reasons the Court **GRANTS** the motion.  Dkt. # 15.

26          The Court previously set forth the factual background of this case and will not

      repeat it in detail here.  Dkt. # 14.  Plaintiffs Won Yong Ha and Monica Young Ha

      ORDER – 1

(collectively "Plaintiffs") brought this action against Defendants to prevent the foreclosure of their property. Dkt. # 1. Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 7. On February 10, 2020, the Court granted Defendants motion to dismiss. Dkt. # 14. Although the Court expressed skepticism regarding Plaintiffs ability to correct the underlying deficiencies in their complaint, given Plaintiffs *pro se* status, the Court gave Plaintiffs fourteen days to file an amended complaint. *Id.* On February 25, 2020 Plaintiffs requested additional time to file their amended complaint. Dkt. # 15.

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(B). Additionally, because denying the extension will result in dismissal of this action, the Court must consider also whether dismissal is warranted. Specifically, a court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal citation omitted). Dismissal is a harsh penalty and may only be imposed in extreme circumstances. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990).

In this case, the Court finds that a less drastic sanction is available. The Court will grant Plaintiffs a <u>brief</u> extension. It has now been over 45 days since the Court gave Plaintiffs leave to file an amended complaint. This is more than enough time for a plaintiff, even one proceeding *pro se*, to prepare an amended pleading. *See* LCR 7(j) ("Parties should not assume that [a motion for relief from a deadline] will be granted and must comply with the existing deadline unless the court orders otherwise.").

ORDER – 2

Accordingly, Plaintiffs **must file their amended complaint by April 6, 2020**. If Plaintiffs do not file an amended complaint within this timeframe, or if their complaint does not state a cognizable claim for relief, the Court will dismiss this action with prejudice, either *sua sponte* or by motion. Plaintiffs' alternative motion for a stay pending mediation is **DENIED.**

DATED this the 30th day of March, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3